## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## JOHNSTOWN DIVISION

HAROLD FIELDS,                )
                             )    Civil Action No. 3:25-cv-00074
        Petitioner,     )
                             )    United States Magistrate Judge
   vs.                     )    Christopher B. Brown
                             )
MICHAEL UNDERWOOD, WARDEN;    )
                             )
       Respondent.     )

### MEMORANDUM OPINION ON MOTION TO DISMISS, ECF NO. 6[1]

**Christopher B. Brown, United States Magistrate Judge**

Petitioner, Harold Fields, is a federal prisoner incarcerated at FCI-Loretto. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the findings from a disciplinary hearing.  ECF No. 1.  Respondent, Michael Underwood, Warden, has moved to dismiss the petition arguing Fields has failed to raise a cognizable claim.  ECF No. 6.  Fields has not responded to the motion and the time for him to do so has passed.  ECF No. 7.  The motion is ripe for disposition.

## I.    Background

Fields is serving a sentence of 35 years' incarceration imposed on March 24, 2000, by the Superior Court for the District of Columbia in Criminal Case Number 3900-99.  ECF No. 6-2 at 3.  He seeks the restoration of the loss of 41 good conduct days, 4 months of commissary privileges, and 20 disciplinary segregation days as a

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  *See* ECF Nos. 4 and 10.

result of a determination by a disciplinary hearing officer ("DHO") that Fields was in possession of a dangerous weapon discovered in his shared cell.  ECF No. 1 at 10. He also seeks the expungement of Incident Report No. 4010112.  *Id.*

On October 13, 2024, a staff member at FCI Loretto conducted a random search of a cell that Fields shared with two other prisoners and found a "piece of metal approximately 7 inches in length sharpened to a point with a cloth handle attached."  ECF No. 1-1 at 6.  Fields was charged with possessing a dangerous weapon.  *Id.* at 5.  A disciplinary hearing before a DHO was held on October 17, 2024.  *Id.*

The DHO issued a written report after the hearing.  *Id.* at 5-9.  The DHO found, based on the "greater weight of the evidence," that Fields committed the prohibited act of possessing a dangerous weapon.  *Id.* at 6.  In making that determination, the DHO considered Fields's statement, the incident report, and a photograph of the weapon.  ECF No. 1-1 at 6, 9.  The DHO sanctioned Fields to disciplinary segregation for 20 days and the loss of 4 months of commissary privileges.  ECF No. 1-1 at 6.[2]

Fields raises four grounds for habeas relief:

> GROUND ONE:  "Common Area" In the body of the incident report it was stated that Officer G. Himes found contraband in a common area while conducting a random cell search of room SA04.  ECF No. 1 at 4;

---

[2]      Fields also contends he was sanctioned the loss of 41 good conduct days.  But the record does not reflect such a sanction was imposed.  *See* ECF No. 1-1 at 6.  In fact, the record reflects because Fields was sentenced under the Omnibus Criminal Justice Reform Amendment Act, he does not earn good conduct time.  *See* ECF No. 6-1 at 2.

GROUND TWO:  Assignment of Housing – It was stated in the response of the Administrative Remedy No. 1218149-A1 that according to Program Statement 5270.09 CN-1 Inmate Discipline Program Statement stipulates that inmates are to keep their assigned living quarters free of contraband.  *Id.* at 5;

GROUND THREE:  Unsecured Housing Unit – Inmate Fields lives on a unit that houses 54 other inmates, with other inmates who pass through the unit each day.  There are no locked doors.  During a institutional lockdown all inmates are just confined to the South 1 housing unit, the bathrooms are open, the water fountain is open, the ice machine is open, the computers are open, the T.V. room is open as well as other things such as the ironing board and common area community table.  *Id.* at 6; and

GROUND FOUR:  Inmate Fields Prison History and Characteristics – Inmate Fields has been incarcerated for nearly 26 years now, and guess what?  "WITHOUT a single incident report" Inmate Fields did not start out in a lower custody facility, he started out in the united states penitentiary, where one would more than likely have the need to carry some sort of weapon.  Mr. Fields history and characteristics do not call for the greater weight of the evidence to go against him in this case.  *Id.* at 7.

Respondent filed the pending motion to dismiss arguing Fields has failed to raise claims that are cognizable under 28 U.S.C. § 2241 and the Court must, therefore, dismiss the petition.  ECF No. 6.  Fields did not respond to the motion, although he was ordered to do so, and the time to do so has passed.  ECF No. 7.

## II.    Discussion

Protected liberty interests may arise either from the Due Process Clause itself or from statutory law.  *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*,

3

418 U.S. 539, 556 (1974).  To invoke the Due Process Clause, Fields must first identify a liberty interest that has been violated.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Court finds Fields has failed to make a cognizable due process claim. Although he asserts a loss of good conduct time credits, the record belies this assertion.  ECF No. 1-1 at 6.  The DHO report confirms the *only* sanctions imposed were a temporary loss of commissary privileges and temporary placement in disciplinary segregation, neither of which implicate a protected liberty interest as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life.  *See* ECF No. 1-1 at 6; ECF No. 6-3 at 2.  *See, e.g.*, *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time); *Lewis v. Canaan*, 664 F. App'x 153, 155 n.1 (3d Cir. 2016) (the loss of commissary privileges for a short period of time does not implicate a protected liberty interest); *Robinson v. Norwood*, 535 F. App'x 81, 83 (3d Cir. 2013) (placement in administrative segregation for days or months at a time does not implicate a protected liberty interest).  As a result, the disciplinary sanctions Fields received do not implicate any liberty interest that is protected by the Due Process Clause.

Fields asserts this Court should grant his habeas petition, expunge the incident report, and restore all privileges lost in connection with the misconduct. ECF No. 1 at 9. However, as explained above, Fields was not sanctioned with loss of good conduct time, but rather was sanctioned with temporary loss of commissary privileges and temporary placement in disciplinary segregation. *See* ECF No. 1-1 at 6; No. ECF No. 6-3 at 2. Thus, no liberty interest was implicated and there is no basis for Fields to seek habeas relief. As a result, the motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

## III.  Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253 (as amended), codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012); 28 U.S.C. § 2253(c)(1)(B).

## IV.  Conclusion

For these reasons, the motion to dismiss will be granted and the Petition for Writ of Habeas Corpus will be denied. A separate Order follows.

Dated: November 18, 2025.                    BY THE COURT:


                                             s/Christopher B. Brown
                                             Christopher B. Brown
                                             United States Magistrate Judge

cc:    HAROLD FIELDS
       12953-007
       LORETTO
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels
       P.O. BOX 1000
       CRESSON, PA 16630
       (via U.S. First Class Mail)

       Michael Leo Ivory
       United States Attorney's Office
       (via ECF electronic notification)